DWIGHT'S COFFEE SHOP, INC., Plaintiff, *v.* LEON J. DAVIS, as President of Local 1199, Retail Drug Employees Union, C.I.O., et al., Defendants.

Supreme Court, Special Term, New York County, October 28, 1954.

*Hyman L. Zoloto* and *Bernard Auerbach* for plaintiff.
*Weinstock & Tauber* for defendants.

HOFSTADTER, J. The plaintiff is the lessee of ground floor and basement space in the building 200 Fifth Avenue, Manhattan, in which it intends to conduct a luncheonette and soda fountain. The lease runs for twelve years and three months from August 1, 1954, and binds the plaintiff to the payment of a substantial rental. The plaintiff took possession on August 1, 1954, and is now engaged in making extensive alterations, on the completion of which in the near future it will open its luncheonette.

Until late in July, 1954, Lynn Pharmacy, Inc., had for many years conducted a pharmacy and luncheonette in the premises now leased to the plaintiff. On or about July 23, 1954, Lynn without notice discharged all its employees, some of whom had worked for it for as long as thirty years, and shortly thereafter discontinued its business. Lynn's employees were members of the defendant union and the union had maintained collective bargaining relations with Lynn for about seventeen years. When these employees were discharged, they began picketing the premises in question and have been picketing ever since. They carried placards stating that they had been locked out. Though the placards at first stated that the employees of the

store had been locked out, these were later changed to state that employees of the defendant union had been locked out.

The plaintiff disclaims any connection whatever with Lynn, and the answering affidavits on this motion by it for a temporary injunction present no proof to the contrary. The plaintiff urges that since Lynn's former employees had never been employed by it, and the plaintiff as yet has no employees at all, the object of the defendant's picketing is unlawful, there is no labor dispute, and section 876-a of the Civil Practice Act is inapplicable (*Goodwins, Inc., v. Hagedorn*, 303 N. Y. 300).

This case has the unusual feature that the plaintiff has not yet begun to do business and thus has now no employees at all. It is claimed, however, by the defendant that it approached the plaintiff for the purpose of having it rehire Lynn's former employees, who were not alone experienced in the trade, but, because of their long association with Lynn, knew its patrons. The defendant asserts that the plaintiff expressed its willingness to hire most of these employees but wished them to work forty-eight hours a week, instead of meeting the union's standard of a forty-hour week, and also insisted on wages substantially below the union scale. While there is sharp dispute between the parties as to what took place at their meetings, it is clear that if the defendants are telling the truth, the union's objective is, in part at any rate, to obtain proper working conditions for its members, a wholly legitimate objective. The factual issue obviously cannot be determined upon the conflicting affidavits. Certainly, if the dispute concerned labor conditions, there is present a labor dispute, within section 876-a of the Civil Practice Act (*Wood* v. *O'Grady*, 307 N. Y. 532; see, also, *Cafeteria Union* v. *Angelos*, 320 U. S. 293). It is not shown that the picketing has been other than peaceful.

Since a labor dispute is present, the statute forbids an injunction of any kind without compliance with the provisions of section 876-a of the Civil Practice Act. The motion for a temporary injunction is accordingly denied.

Nevertheless, the situation is urgent and justice demands an immediate trial. The case is set for trial for November 3, 1954, and the clerk is directed to place the cause on the ready day calendar of November 3, 1954, on filing a note of issue and payment of his fee.

Any residual doubt the court might entertain regarding the accuracy of the placards is not pursued, since this is a matter which can be fully explored at the early trial which has been ordered.